UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Victoria Inman,<br><br>                    Plaintiff,<br><br>     v.<br><br>Commissioner of Social Security,<br><br>                    Defendant. | CASE NO. 24-cv-01448-LK<br><br>ORDER REQUESTING SUPPLEMENTAL BRIEFING |

This matter comes before the court sua sponte. On September 26, 2024, Plaintiff Victoria Inman filed a complaint against the Commissioner of Social Security under 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's final decision denying her disability benefits. Dkt. No. 3. On November 25, 2024, the Commissioner filed the "entire record of proceedings relating to this case" that was certified to "constitute a full and accurate transcript" of the proceedings. Dkt. No. 7.

A central dispute between the parties is whether the administrative law judge ("ALJ") who adjudicated Ms. Inman's claims erroneously rejected Ms. Inman's allegations of pain as inconsistent with her medical records. *See e.g.*, Dkt No. 11 at 3–4; Dkt No. 13 at 4–5. The ALJ's

ORDER REQUESTING SUPPLEMENTAL BRIEFING - 1

1  decision states that Ms. Inman did not seek "significant treatment for her back problems, despite
2  the extent of debilitation alleged." Dkt. No. 7-2 at 35.

3  Relevant to this dispute are medical records associated with care provided by surgeon
4  Dr. Viral Patel. *See* Dkt. No. 11 at 4; Dkt. No. 13 at 5. These records appear incomplete. Dkt. No.
5  13 at 5 (the Government remarking that "notes of follow-up with orthopedic surgeon Viral Patel,
6  M.D., do not appear in the record").

7  Ms. Inman was referred to Dr. Patel in December 2019 "for surgical consult." Dkt. No. 7-
8  7 at 561; *see also id.* at 554. At the same time, she was referred to Dr. James Robinson to explore
9  "non operative treatment options." *Id.* at 561; *see also id.* at 554, 572. On February 11, 2020, Ms.
10 Inman was seen by both Dr. Robinson and Dr. Patel. Dkt. No. 7-7 at 571–91. Dr. Patel remarked
11 that Ms. Inman was "looking for [a] surgical solution" after trying "extensive conservative care,"
12 and his notes indicate that "[f]or now I would like to have MRI L and C spine, CT T and L spine
13 and DEXA scan" before "see[ing] her back once everything is done." *Id.* at 575. Julianne Krause,
14 PA-C—whose notes Dr. Patel "reviewed and agree[d] with," *id.*—stated that "further planning"
15 would occur once imaging was completed. *Id.* at 580. On the same day, after discussing the benefits
16 of physical therapy, Dr. Robinson noted that he "need[ed] to confer with Dr. Patel" and "would
17 defer to him on the question of the advisability of corrective spinal surgery for Ms. Inman." *Id.* at
18 575. On March 10, 2020, Ms. Inman had all the ordered scans conducted, and the reports from
19 these scans include numerous findings. *See id.* at 612–20.

20 Ms. Inman's records indicate that she was scheduled for a Telemedicine follow-up visit
21 with Dr. Patel on April 23, 2020. *Id.* at 606. As the Commissioner points out, there are "no such
22 notes in the record" documenting this visit. Dkt. No. 13 at 5. However, the record also does not
23 reflect that the Telemedicine appointment was cancelled. *See generally* Dkt. No. 7-7 at 604–607.
24 From what the Court can deduce, that seems to be a consequence of when the ALJ retrieved the

records from Dr. Patel's office: the administrative record's index reflects that the records pertaining to Dr. Patel were obtained from December 10, 2019 to April 7, 2020. *See* Dkt. No. 7-1 at 6. That date range would not have captured notes from Ms. Inman's Telemedicine visit with Dr. Patel scheduled on April 23, 2020.

A similar issue appears to have occurred with Ms. Inman's physical therapy records. The government states that Ms. Inman did not "follow up" with physical therapy after her initial evaluation, so the "ALJ reasonably concluded" that her "failure to pursue significant treatment . . . undermines her symptom allegations." No. 13 at 5. While the certified record submitted by the Commissioner includes physical therapy records concerning only one Initial Examination on April 6, 2021, *see* Dkt. No. 7-7 at 1372–74, Ms. Inman testified before the ALJ that she had attended approximately six physical therapy sessions but that "insurance only covered so many visits," Dkt. No. 7-2 at 116–17.

A review of the certified record suggests that, again, the ALJ was missing material portions of Ms. Inman's medical record that may have corroborated her testimony. For example, Ms. Inman reported to her mental health provider that she had her "last physical therapy" appointment during the week of May 27, 2021. Dkt No. 7-7 at 1071. That statement corresponds with the physical therapist's initial evaluation, which documented Ms. Inman as having Medicaid Certification from April 6, 2021 to only May 31, 2021. *Id.* at 1374. Missing records may document additional physical therapy participation, as well as a rationale for why Ms. Inman's physical therapy treatment concluded, beyond what the ALJ considered when determining that she did not seek "significant treatment for her back problems, despite the extent of debilitation alleged," Dkt. No. 7-2 at 35.

"In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). "This duty exists even when the claimant is represented by counsel." *Id.* The ALJ

ORDER REQUESTING SUPPLEMENTAL BRIEFING - 3

cannot merely remark that a record is incomplete—it must "conduct an appropriate inquiry" when faced with "[a]mbiguous evidence, or the ALJ's own finding that the record is inadequate." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Reversal and remand is appropriate when the ALJ fails to fully and fairly develop the record. *See e.g., Craig H. v. Kijakazi,* No. 22-cv-800-AJB(LR), 2023 WL 4679342, at *8–10 (S.D. Cal. July 21, 2023) (recommending reversal and remand when obvious gap in the record should have alerted the ALJ to missing records), *report and recommendation adopted*, 2023 WL 5340794 (S.D. Cal. Aug. 18, 2023); *Michael K. v. Saul*, No. 1:18-CV-03165-MKD, 2019 WL 7819554, at *7 (E.D. Wash. July 31, 2019) (reversing and remanding because it was "clear that the ALJ was on notice that Plaintiff's mental health record . . . was not complete, yet the ALJ did not conduct an appropriate inquiry into the records he identified as missing").

For the reasons laid out above, the Court ORDERS Ms. Inman to submit supplemental briefing within 21 days (October 14, 2025) on whether the certified record filed by the Commissioner, Dkt. No. 7, is missing medical records that would have been consequential to the ALJ's determination of limitations. *See Leach v. Kijakazi*, 70 F.4th 1251, 1255 (9th Cir. 2023) ("We may affirm nevertheless if the ALJ's failure to include all of the claimant's limitations was harmless."); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) ("We have . . . affirmed under the rubric of harmless error where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion."). The Commissioner may file a response brief 14 days thereafter (October 28, 2025).

Finally, the Court notes that the briefing it has received thus far from Ms. Inman's counsel has been "skeletal and inadequate." *See Dianna H. v. Comm'r of Soc. Sec.*, No. 3:24-cv-05630-TL, 2025 WL 1355379, at *2 (W.D. Wash. May 9, 2025) (detailing Mr. Oliver's lack of diligence and collecting numerous cases where he had been "admonished" by other judges "for similar

failures of diligence that have risked prejudicing his clients"). For example, Mr. Oliver provides no legal support for many of his arguments, such as his argument that an applicant need not "'prove' the legitimacy of her pain," or that it constitutes "abuse of the role of an ALJ" to "take[] issue with" Ms. Inman's lack of significant treatment for her back problems. Dkt. No. 11 at 4. He disputes findings from the ALJ without citing to the ALJ's decision in many places. *See, e.g.*, *id.* at 4 (stating that "the ALJ argues that the Plaintiff's normal range of motion and normal strength discredits the Plaintiff's allegations regarding her alleged pain" without any supporting citation); *id.* (stating that "[t]he RFC drafted by the ALJ finds the Plaintiff limited to light work with a sit/stand option due to limitations in the Plaintiff's ability to stand and walk" without any supporting citation). And his bare-bones argument purporting to defend the opinion of Dr. Gravatt does not even cite to that opinion. *Id.* at 5. Going forward, the Court expects Mr. Oliver to conform to the standard of practice in this Court. *See* LCR 83.3. Failure to do so may result in sanctions. *See* LCRs 11(c), 83.3(c).

Dated this 22nd day of September, 2025.

Lauren King
United States District Judge